IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:04-CR-84-FL
No. 4:16-CV-58-FL

| | | |
|---|---|---|
| ANDREE LAMONT FRISBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 22), wherein he asserts a claim pursuant to Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015). The government has responded to petitioner's motion to vacate, waiving procedural defenses and agreeing that petitioner should be resentenced in light of Johnson. (DE 26). For the reasons that follow, the court grants the motion.

**COURT'S DISCUSSION**

On February 22, 2005, petitioner pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). Based on petitioner's prior convictions under North Carolina law for assault with a deadly weapon inflicting serious injury, as well as convictions under North Carolina law for possession with intent to sell and deliver cocaine and conspiracy to commit armed robbery with a dangerous weapon, the court sentenced petitioner to a 200 month term of imprisonment, pursuant to the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e). That sentence was in excess of the 120 month statutory maximum typical of § 922(g) offenses. See 18 U.S.C. § 924(a).

On June 26, 2015, the Supreme Court decided <u>Johnson</u>, which held that the portion of the ACCA used to enhance petitioner's sentence was unconstitutionally vague. <u>See</u> 135 S. Ct. at 2558. On April 18, 2016, the Supreme Court decided <u>Welch v. United States</u>, __ U.S. __, 136 S. Ct. 1257 (2016), which held that <u>Johnson</u> applied retroactively on collateral review. <u>Id.</u> at 1265.

The government concedes that petitioner's prior conviction for possession with intent to sell and deliver cocaine no longer qualifies as a "serious drug offense" in light of <u>Johnson</u> and <u>United States v. Newbold</u>, 791 F.3d 455 (4th Cir. 2015). <u>See</u> 18 U.S.C. § 924(e)(2)(A). Likewise, the government concedes that petitioner's prior conviction for conspiracy to commit armed robbery with a dangerous weapon no longer is a "violent felony" in the wake of <u>Johnson</u>. <u>See</u> <u>United States v. Melvin</u>, 621 F. App'x 226 (4th Cir. 2015) (mem.); <u>see also</u> 18 U.S.C. § 924(e)(2)(B). Accordingly, petitioner lacks the requisite three predicate felony convictions to qualify as an "armed career criminal" under the ACCA and must be resentenced. <u>See</u> 18 U.S.C. § 924(e)(1).

## CONCLUSION

Based on the foregoing, the court GRANTS petitioner's motion to vacate. (DE 22). The clerk is DIRECTED to schedule petitioner for resentencing at the next available regularly scheduled term of court. The Federal Public Defender, or designee, is DIRECTED to enter an appearance for purposes of petitioner's resentencing hearing. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated presentence report, including recalculation of petitioner's corrected advisory guidelines range, within seven days of the date of resentencing.

SO ORDERED, this the 19th day of July, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge